UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
(JACKSON DIVISION)

WELLS FARGO BANK, N.A.,                                              PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:15cv429HTW-LRA

LUBE HOLDINGS, INC.;
QUAKER STEAK & WINGS, INC.; QUAKER
STEAK & LUBE FRANCHISING CORPORATION;
QSL SAUCES, INC.; QSL OF WHEELING, INC.; QSL
OF VERMILLION, INC.; QSL OF SPRINGFIELD INC.;
QSL OF SPRINGFIELD REALTY INC.; QSL OF
SHEFFIELD, INC.; QSL OF INDEPENDENCE, OHIO,
INC.; QSL INTELLECTUAL PROPERTIES CORP.;
LUBE REALTY, INC.; and BEST WINGS USA, INC.                          DEFENDANTS

**VERIFIED COMPLAINT FOR BREACH OF CONTRACT**

Comes now the Plaintiff, Wells Fargo Bank, N.A. ("Wells Fargo"), and files its *Verified Complaint for Breach of Contract* (the "Verified Complaint") against Lube Holdings, Inc. (the "Borrower") and Quaker Steak & Wings, Inc.; Quaker Steak & Lube Franchising Corporation; QSL Sauces, Inc.; QSL of Wheeling, Inc.; QSL of Vermillion, Inc.; QSL of Springfield Inc.; QSL of Springfield Realty Inc.; QSL of Sheffield, Inc.; QSL of Independence, Ohio, Inc.; QSL Intellectual Properties Corp.; Lube Realty, Inc.; and Best Wings USA, Inc. (collectively, the "Guarantors" and together with the Borrower, collectively, the "Defendants"), and states as follows:

JM ALS 1400751 v1
1039341-000692

## I. **PARTIES**

1. Wells Fargo is a national banking association organized and existing under the laws of the United States of America, with its principal place of business and main office in South Dakota.

2. Borrower, is a corporation organized and existing under the laws of the State of Delaware, with its principal office located at 101 Chestnut Avenue, Sharon, Pennsylvania 16146. Borrower can be served with process by serving its Registered Agent, National Corporate Research, Ltd., at 615 South DuPont Highway, Dover, Delaware 19901.

3. Quaker Steak & Wings, Inc., is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal office located at 101 Chestnut Avenue, Sharon, Pennsylvania 16146. Quaker Steak & Wings, Inc. can be served with process by serving its President, John Longstreet.

4. Quaker Steak & Lube Franchising Corporation, is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal office located at 101 Chestnut Avenue, Sharon, Pennsylvania 16146. Quaker Steak & Lube Franchising Corporation can be served with process by serving its President, John Longstreet.

5. QSL Sauces, Inc., is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal office located at 101 Chestnut Avenue, Sharon, Pennsylvania 16146. QSL Sauces, Inc. can be served with process by serving its President, Dennis Lieb.

JM ALS 1400751 v1
1039341-000692

6.     QSL of Wheeling, Inc., is a corporation organized and existing under the laws of the State of West Virginia, with its principal office located at 45 Satterfield Drive, Triadelphia, West Virginia 26059. QSL of Wheeling, Inc. can be served with process by serving its Registered Agent, Frederick Dreibholz, at 101 Chestnut Avenue, Sharon, Pennsylvania 16146.

7.     QSL of Vermillion, Inc., is a corporation organized and existing under the laws of the State of Ohio, with its principal office located at 5150 Liberty Avenue, Vermilion, Ohio 44089. QSL of Vermillion, Inc. can be served with process by serving its Registered Agent, Ronald J. Rice, Esquire, at 48 West Liberty Street, Hubbard, Ohio 44425.

8.     QSL of Springfield Inc., is a corporation organized and existing under the laws of the State of Illinois, with its principal office located at 3632 Westgrand Avenue, Springfield, Illinois 62711. QSL of Springfield Inc. can be served with process by serving its Registered Agent, Steven B. Ekker, at 160 South Municipal Drive, Suite 100, Sugar Grove, Illinois 60554.

9.     QSL of Springfield Realty Inc., is a corporation organized and existing under the laws of the State of Illinois, with its principal office located at 1121 West Lincolnshire Boulevard, Springfield, Illinois 62704. QSL of Springfield Realty Inc. can be served with process by serving its Registered Agent, Steven B. Ekker, at 160 South Municipal Drive, Suite 100, Sugar Grove, Illinois 60554.

10.    QSL of Sheffield, Inc., is a corporation organized and existing under the laws of the State of Ohio, with its principal office located at 4900 Transportation Drive, Sheffield Village, Ohio 44054. QSL of Sheffield, Inc. can be served with process by serving its Registered Agent, Ronald J. Rice, Esquire, at 48 West Liberty Street, Hubbard, Ohio 44425.

JM ALS 1400751 v1
1039341-000692

11. QSL of Independence, Ohio, Inc., is a corporation organized and existing under the laws of the State of Ohio, with its principal office located at 5935 Canal Road, Valley View, Ohio 44125. QSL of Independence, Ohio, Inc. can be served with process by serving its Registered Agent, Edward Schack, at 5935 Canal Road, Valley View, Ohio 44125.

12. QSL Intellectual Properties Corp., is a corporation organized and existing under the laws of the State of Delaware, with its principal office located at 101 Chestnut Avenue, Sharon, Pennsylvania 16146. QSL Intellectual Properties Corp. can be served with process by serving its Registered Agent, Corporation Service Company, at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

13. Lube Realty, Inc., is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal office located at 101 Chestnut Avenue, Sharon, Pennsylvania 16146. Lube Realty, Inc. can be served with process by serving its President, John Longstreet.

14. Best Wings USA, Inc., is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal office located at 101 Chestnut Avenue, Sharon, Pennsylvania 16146. Best Wings USA, Inc. can be served with process by serving its President, Ken Cole.

## II. JURISDICTION

15. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1348 because there is diversity of citizenship between Plaintiff and the Defendants, and the amount in controversy exceeds $75,000.00 exclusive of costs and interest.

JM ALS 1400751 v1
1039341-000692

### III. VENUE

16.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims in this action occurred in Hinds County, Mississippi. Additionally, the Loan Documents (as defined below) provide that Mississippi law governs the contractual agreements at issue.

### IV. FACTS

**A.   The Loan Obligations**

17.   Borrower obtained a loan (the "2011 Loan") from Wells Fargo pursuant to that certain *Promissory Note* made by Borrower in favor of Wells Fargo, dated September 7, 2011, in the original principal amount of $1,800,000.00 (as assumed, amended and/or assigned from time to time, the "2011 Note"). A true and correct copy of the 2011 Note is attached hereto as **Exhibit "A"**.

18.   The 2011 Loan is further governed by that certain *Construction Loan Agreement* dated September 7, 2011 and that certain *Business Loan Agreement* dated September 7, 2011 (collectively, as assumed, amended and/or assigned from time to time, the "2011 Loan Agreements"). True and correct copies of the 2011 Loan Agreements are attached hereto as collective **Exhibit "B"**.

19.   Borrower also obtained a loan (the "2012 Loan" and together with the 2011 Loan, collectively, the "Loans") from Wells Fargo pursuant to that certain *Promissory Note* made by Borrower in favor of Wells Fargo, dated March 9, 2012, in the original principal amount of $2,491,000.00 (as assumed, amended and/or assigned from time to time, the "2012 Note" and together with the 2011 Note, collectively, the "Notes"). A true and correct copy of the 2012 Note is attached hereto as **Exhibit "C"**.

20. The 2012 Loan is further governed by that certain *Business Loan Agreement* dated December 30, 2013, and that certain *Business Loan Agreement* dated February 14, 2013 (collectively, as assumed, amended and/or assigned from time to time, the "2012 Loan Agreement" and, together with the 2011 Loan Agreements, collectively, the "Loan Agreements"). A true and correct copy of the 2012 Loan Agreement is attached hereto as **Exhibit "D".**

21. The Notes, Loan Agreements, Commercial Guaranties (as defined below), and all other documents referring to, relating to and/or evidencing the Loans are hereinafter referred to as the "Loan Documents", and any capitalized terms used herein (but not otherwise defined herein) shall have the meaning ascribed to them in the Loan Documents.

22. For purposes of this Verified Complaint, all of the amounts owed by Defendants to Wells Fargo under the Loan Documents, including, without limitation, any late fees and default interest, shall collectively be referred to herein as the "Indebtedness". Under the Loan Documents, in addition to the Indebtedness, Defendants are obligated to reimburse Wells Fargo for costs and expenses incurred by Wells Fargo in connection with the Indebtedness, including, without limitation, attorneys' fees and other costs of collection, and costs of insuring, protecting, maintaining, or disposing of any collateral (together with the Indebtedness, collectively, all such amounts are referred to herein as the "Loan Obligations").

23. The Loan Obligations are secured by, among other things, those certain *Commercial Guaranty Agreements* (collectively, as assumed, amended and/or assigned from time to time, the "Commercial Guaranties") executed by Guarantors in favor of Wells Fargo. Pursuant to the Commercial Guaranties, each Guarantor absolutely and unconditionally guaranteed and promised to pay Borrower's Loan Obligations under the Notes and Loan

Documents. True and correct copies of the Commercial Guaranties are attached hereto as collective **Exhibit "E"**.

B.  **Events of Default**

24. Borrower has failed to make all payments due and owing as required under the Loan Documents, including, without limitation, payments of principal and interest due for the months of September, 2014 and thereafter.

25. Accordingly, the Loans are in default due to, among other things, Borrower's failure to tender monthly payments of principal and interest to Wells Fargo (the "Events of Default").

26. Based on the failures of payment and other breaches in performance under the Loan Documents, by letters dated October 6, 2014 and December 9, 2014 (collectively, the "Notice of Default"), Wells Fargo notified Borrower and Guarantors of the Events of Default; that the Loan Obligations under the Loan Documents were accelerated; and that the entire outstanding principal balance and all other amounts owed under the Loan Documents were due and immediately payable. A true and correct copy of the Notice of Default is attached hereto as collective **Exhibit "F"**.

27. As of the filing of this Verified Complaint, Defendants have failed to cure the Existing Defaults, or satisfy the Loan Obligations that are now due and owing to Wells Fargo pursuant to the Loan Documents.

C.  **Amounts Outstanding**

28. As of June 11, 2015, the total principal, interest and late fees due, owing and unsatisfied under the Loan Documents was $4,140,495.92 (collectively, the "Current Indebtedness"). Attached hereto as **Exhibit "G"** is the Affidavit of Plaintiff's representative,

Marko Matic (the "Matic Affidavit"), detailing the Current Indebtedness.

29. Due to the ongoing accrual of interest, attorneys' fees and other expenses that Wells Fargo is entitled to recover under the Loan Documents and/or applicable Mississippi law, the Loan Obligations continue to increase on a daily basis.

## V. RELIEF SOUGHT
## COUNT ONE -- BREACH OF CONTRACT -- BORROWER
**(Promissory Notes)**

30. Wells Fargo hereby incorporates by reference each and every allegation set forth in the proceeding paragraphs of the Verified Complaint.

31. Borrower executed the Notes of which Wells Fargo is the owner, holder and beneficiary.

32. The Notes constitute valid and binding contracts between Borrower and Wells Fargo.

33. Borrower is liable for the outstanding Loan Obligations owed to Wells Fargo that are due under the Notes.

34. Borrower is in default under the terms of the Notes for, among other things, failure to make monetary payments as required under the Notes.

35. Wells Fargo has made written demand for payment of the Loan Obligations due under the Notes.

36. Borrower has failed to pay the outstanding Loan Obligations owed to Wells Fargo under the Notes.

37. Borrower's default and failure to pay the outstanding Loan Obligations that are due under the Notes constitutes a breach of contract.

38. Wells Fargo has suffered monetary damages as a proximate cause of Borrower having breached its contractual obligations under the Notes, in the amount of not less than the Current Indebtedness due and owing under the Notes.

39. Accordingly, Wells Fargo demands entry of a judgment against Borrower for breach of contract in the amount of not less than the Current Indebtedness ($4,140,495.92), plus pre-judgment and post-judgment interest, together with all collection costs, attorneys' fees, expenses and costs of this action, and all other amounts to which Wells Fargo is entitled pursuant to the Loan Documents.

## COUNT TWO -- BREACH OF CONTRACT -- GUARANTORS
### (Commercial Guaranties)

40. Wells Fargo hereby incorporates by reference each and every allegation set forth in the proceeding paragraphs of the Verified Complaint.

41. Guarantors executed the Commercial Guaranties of which Wells Fargo is the owner, holder and beneficiary.

42. The Commercial Guaranties constitute valid and binding contracts between Guarantors and Wells Fargo.

43. Guarantors are liable for the outstanding Loan Obligations owed to Wells Fargo that are due under the Notes, pursuant to the terms of the Commercial Guaranties which Guarantors executed.

44. Wells Fargo has made written demand for payment of the Loan Obligations due under the Notes and Commercial Guaranties.

45. Guarantors have failed to pay the outstanding Loan Obligations owed to Wells Fargo.

9

46. The Guarantors' refusal to pay the outstanding Loan Obligations that are due under the Notes, as required by the Commercial Guaranties, constitutes a breach of contract.

47. Wells Fargo has suffered monetary damages as a proximate cause of Guarantors having breached their contractual obligations under the Commercial Guaranties, in the amount of not less than the Current Indebtedness due and owing under the Notes.

48. Accordingly, Wells Fargo demands entry of a judgment against Guarantors, jointly and severally, for breach of contract in the amount of not less than the Current Indebtedness ($4,140,495.92), plus pre-judgment and post-judgment interest, together with all collection costs, attorneys' fees, expenses and costs of this action, and all other amounts to which Wells Fargo is entitled pursuant to the Loan Documents.

## VI.  DEMAND FOR RELIEF

**WHEREFORE** Plaintiff, Wells Fargo, respectfully demands entry of a judgment against all Defendants, jointly and severally, in an amount not less than the Current Indebtedness ($4,140,495.92), together with all accruing interest, fees, costs, appraisals, third-party reporting expenses, and all other sums to which Wells Fargo is entitled pursuant to the Loan Documents, specifically including pre-judgment interest, post-judgment interest, and all court costs, expenses, attorneys' fees and other costs of collection that Wells Fargo has incurred in enforcing and collecting the Indebtedness, along with all such other and further relief to which Wells Fargo may be entitled at law or in equity.

JM ALS 1400751 v1
1039341-000692

This, the 12th day of June, 2015.

          Respectfully submitted,

          WELLS FARGO BANK, N.A.,

          By Its Attorney:

          /s/ Alan L. Smith
          ALAN L. SMITH, ESQ.

**Of Counsel:**

Alan L. Smith, Esq. (MSB #10345)
BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.
4268 I-55 North
Meadowbrook Office Park
Post Office Box 14167
Jackson, Mississippi  39236-4167
Telephone:  (601) 351-8932
Telecopier:  (601) 974-8932
asmith@bakerdonelson.com

11